Nash, O. J.
 

 The declaration contains four counts on four several demises. It is unnecessary to consider more than the third, on which the whole case at present turns. That count is on the demise of Allan Macfarland. It is to be remarked that the case states that the plaintiff produced no paper title — meaning thereby no complete chain. To sustain his claim under the third count, the plaintiff showed that in 1829 Duncan McRae conveyed the land in dispute to Edmund Deberry, and that he conveyed it to John Taylor ; and it was alleged that the latter had, by his last will and testament, devised the land in dispute to the lessor, Macfarland. A paper writing purporting to be the will of John Taylor, was offered in evidence and rejected by his Honor, and in this opinion he is sustained by the case of
 
 Ward et al.
 
 v. Hearne,
 
 ante,
 
 184. In the latter case, the will of Dr. Thornton, of the District of Columbia, where he lived and died, andNwhere the will was made, was brought forward in evidence. The authentication was substantially the same as in this case. It was certified by the proper officer of the District for taking the probate of wills, styling himself the Register of Wills, with the seal of his office attached, and also the certificate of the Secretary of State of the United States, under the great seal of the United States, that the certifying officer was the Register of Wills, in and for the District of Columbia. The paper was rejected because it never had been recorded in this State, according to the provisions of the Act of 1844. The paper before us is subject to the same objection. John Taylor lived and died in South Carolina, where his will was made. We have no reason to doubt it was properly made to convey real estate in this State, and we have as little reason to doubt that it is properly proved according to the laws of that State, and properly
 
 certified;
 
 but the requisite formalities
 
 *280
 
 have not been gone through, to make it evidence in our Courts of Justice under the laws of this State — it never has been recorded here. We therefore concur with his Honor in the rejection of this evidence.
 

 The title to the land, as far as it is set forth in the case, having been traced down to Taylor, is there' left; and there is no count on the demise of his heirs. This disposes of the first, second and fourth counts. The plaintiff has himself shown that he has no title, and from the statement in the case, there is much ground to believe that the title is in Ross, the defendant. We perceive no error committed by the Court below, of which the plaintiff has a right to complain.
 

 Per Curiam. Judgment affirmed.